**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-5108**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

STEPHEN RAYMOND BARBER, a/k/a Ray,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (1:08-cr-00045-LHT-1)

Submitted: September 3, 2009        Decided: October 16, 2009

Before WILKINSON, NIEMEYER, and MICHAEL, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dennis Gibson, LAW OFFICE OF DENNIS GIBSON, Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Stephen Raymond Barber pleaded guilty to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846 (2006), and possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (2006 & West Supp. 2009). Barber was sentenced to a total of 211 months of imprisonment and now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Barber was informed of his right to file a pro se supplemental brief but did not file a brief. We affirm.

In the Anders brief, counsel questions whether the Government committed prosecutorial misconduct. However, counsel fails to identify any actions or statements by the prosecutor demonstrating misconduct. We have thoroughly reviewed the record and conclude that the Government did not commit misconduct. See United States v. Scheetz, 293 F.3d 175, 185 (4th Cir. 2002) (stating reversible prosecutorial misconduct occurs when Government engages in "improper" conduct that "prejudicially affect[s]" an individual's "substantial rights so as to deprive him of a fair trial").

Counsel next questions whether the district court judge was biased. A judge "shall disqualify himself in any

2

proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a) (2006); see United States v. Cherry, 330 F.3d 658, 665 (4th Cir. 2003), or in situations in which the judge has a personal bias or prejudice against or in favor of an adverse party. See Liteky v. United States, 510 U.S. 540, 555 (1994). We have thoroughly reviewed the record and conclude that there is nothing to suggest that the district court's impartiality might reasonably be questioned.

We have examined the entire record in accordance with the requirements of Anders and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Barber, in writing, of the right to petition the Supreme Court of the United States for further review. If Barber requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barber. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED